E. Leo Milonas, J.
The defendant is charged with harass *768 ment and four class A misdemeanors consisting of two counts of obstructing governmental administration, resisting arrest, and assault in the third degree.
Defendant is moving for a hearing prior to trial relative to certain counts of the information charging him with resisting arrest and obstructing governmental administration, on the grounds that the sufficiency of a necessary element required for a prima facie case, namely, authorized police conduct, must be judicially determined prior to trial.
The defendant asserts that the question here is one of law, analogous to that in search and seizure cases, and that the court must follow independent procedures here similar to those used in suppression hearings to determine whether the police were acting lawfully. That is, if at said hearing the People cannot provide sufficient proof to establish that element of the offenses, the charges of resisting arrest and obstructing governmental administration must be dismissed.
The People argue that a motion to suppress does not involve the proof of an element of a crime. The proof required to establish an element of the crime is clearly a question of fact for the jury. Consequently, the issue of police authority to act in this particular situation must be left to the triers of fact. This court agrees.
The People are not required at a preliminary misdemeanor hearing (CPL 170.75) or at any preliminary stage of a criminal proceeding in the Criminal Court to establish proof of every element of an offense. Ultimately the jury must decide whether all the elements of the crime charged have been made out. The defendant may have the opportunity to raise the issue of unauthorized police action by moving to dismiss for failure to state a prima facie case at the conclusion of the People’s presentation (see CPL 290.10).
Accordingly the defendant’s motion for a pretrial hearing to establish the sufficiency of the People’s proof relative to an element of the offenses charged is denied.
The defendant’s further request for a second preliminary hearing in connection with the offenses added subsequent to the prior preliminary hearing is granted, since the amended information contains new and additional charges that were not the subject of the prior preliminary hearing.